FOX ROTHSCHILD LLP
Glenn Grindlinger, Esq.
Zev Singer, Esq.
100 Park Avenue, Suite 1500
New York, NY 10017
Tel: (212) 878-7900
Fax: (212) 692-0940

*Attorneys for Defendant Breitling USA, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDERICK M. CARGIAN, <br><br> Plaintiff, <br><br> - against – <br><br> BREITLING USA, INC., <br><br> Defendant. | ECF Case <br><br> No. 15-cv-01084 (GBD) <br><br> **ANSWER AND** <br> **AFFIRMATIVE DEFENSES** |

Defendant Breitling USA Inc. ("Defendant"), by its attorneys, Fox Rothschild LLP, hereby answers the Complaint dated February 17, 2015 ("Complaint") filed by Plaintiff Frederick M. Cargian ("Plaintiff") as follows:

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendant denies that it violated the law and/or that it harmed Plaintiff in any way.

1.  Defendant denies the allegations set forth in Paragraph "1" of the Complaint, except it admits that Plaintiff purports to bring this action pursuant to the statutory provisions recited in Paragraph "1" of the Complaint.

2.  Defendant denies the allegations set forth in Paragraph "2" of the Complaint, except admits that Plaintiff purports to bring claims to recover compensatory and punitive

damages, liquidated damages, and injunctive and declaratory relief, and Defendant specifically avers that Plaintiff is not entitled to any damages, injunctive or declaratory relief, or any other relief.

## JURISDICTION

3. Defendant admits that Plaintiff has invoked the jurisdiction of the Court under the statutes referenced in Paragraph "3" of the Complaint. The remainder of the allegations in Paragraph "3" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations.

## ADMINISTRATIVE PREREQUISITES

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "4" of the Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "5" of the Complaint.

## PARTIES

6. Defendant admits that Plaintiff was an employee of Defendant. The remainder of the allegations in Paragraph "6" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations.

7. The allegations in Paragraph "7" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations.

8. Defendant admits the allegation set forth in Paragraph "8" of the Complaint.

9. Defendant denies the allegations set forth in Paragraph "9" of the Complaint, except admits that Defendant sells watches in New York State and operates stores at 5 East 57th

Street, New York, New York and in the Woodbury Common Premium Outlets in Central Valley, New York.

## STATEMENT OF CLAIM

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10" of the Complaint.

11. Defendant denies the allegations set forth in Paragraph "11" of the Complaint, except admits that in February 1990 Plaintiff was hired by Defendant.

12. Defendant denies the allegations set forth in Paragraph "12" of the Complaint.

13. Defendant denies the allegations set forth in Paragraph "13" of the Complaint.

14. Defendant denies the allegations set forth in Paragraph "14" of the Complaint and all of its subparts, except Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in subparts "a" and "e", and Defendant admits the allegations set forth in subpart "c".

15. Defendant denies the allegation set forth in Paragraph "15" of the Complaint, except Defendant admits that in 1992 Plaintiff became a Sales Representative.

16. Defendant admits the allegation set forth in Paragraph "16" of the Complaint.

17. Defendant denies the allegation set forth in Paragraph "17" of the Complaint.

18. Defendant denies the allegations set forth in Paragraph "18" of the Complaint.

19. Defendant denies the allegations set forth in Paragraph "19" of the Complaint.

20. Defendant denies the allegations set forth in Paragraph "20" of the Complaint, except admits that in 2010 Plaintiff's base salary was $230,000.

21. Defendant denies the allegations set forth in Paragraph "21" of the Complaint.

22. Defendant denies the allegations set forth in Paragraph "22" of the Complaint.

23. Defendant denies the allegations set forth in Paragraph "23" of the Complaint.

24. Defendant denies the allegations set forth in Paragraph "24" of the Complaint.

25. Defendant denies the allegations set forth in Paragraph "25" of the Complaint.

26. Defendant denies the allegations set forth in Paragraph "26" of the Complaint, except admits that in 2010 Thierry Prissert was hired as President of Breitling USA.

27. Defendant denies the allegations set forth in Paragraph "27" of the Complaint.

28. Defendant denies the allegations set forth in Paragraph "28" of the Complaint and subparts "a-b" that follow Paragraph "28" of the Complaint.

29. Defendant denies the allegations set forth in Paragraph "29" of the Complaint and subparts "a-d" that follow Paragraph "29" of the Complaint.

30. Defendant denies the allegations set forth in Paragraph "30" of the Complaint, except admits that in 2013 Isaac Schafrath was promoted to Sales Representative and he was responsible for a newly created sales territory.

31. Defendant denies the allegations set forth in Paragraph "31" of the Complaint, except admits that Schafrath had been working at Breitling since 2006 as the safe manager.

32. Defendant denies the allegations set forth in Paragraph "32" of the Complaint.

33. Defendant denies the allegations set forth in Paragraph "33" of the Complaint.

34. Defendant denies the allegations set forth in Paragraph "34" of the Complaint, except admits that in 2013, Plaintiff's base salary was $196,000.

35. Defendant denies the allegations set forth in Paragraph "35" of the Complaint, except admits that in 2013 Sommer's base salary was $165,000 and in 2013 part of her territory was redistributed.

36. Defendant denies the allegations set forth in Paragraph "36" of the Complaint.

5

37. Defendant denies the allegations set forth in Paragraph "37" of the Complaint.

38. Defendant denies the allegations set forth in Paragraph "38" of the Complaint, as the allegations assume facts that do not exist.

39. Defendant denies the allegations set forth in Paragraph "39" of the Complaint.

40. Defendant denies the allegations set forth in Paragraph "40" of the Complaint.

41. Defendant denies the allegations set forth in Paragraph "41" of the Complaint, except admits that at a meeting in New York City in December 2013 with Thierry Prissert and Sebastien Amstutz Plaintiff was informed that his employment at Breitling was terminated effective December 31, 2013.

42. Defendant denies the allegations set forth in Paragraph "42" of the Complaint.

43. Defendant admits the allegations set forth in Paragraph "43" of the Complaint.

## FIRST CAUSE OF ACTION

### (Title VII)

44. In response to Paragraph "44" of the Complaint, Defendant repeats and restates each of the above responses as if fully set forth herein.

45. Defendant denies the allegations set forth in Paragraph "45" of the Complaint.

46. Defendant denies the allegations set forth in Paragraph "46" of the Complaint.

## SECOND CAUSE OF ACTION

### (ADEA)

47. In response to Paragraph "47" of the Complaint, Defendant repeats and restates each of the above responses as if fully set forth herein.

48. Defendant denies the allegations set forth in Paragraph "48" of the Complaint.

49. Defendant denies the allegations set forth in Paragraph "49" of the Complaint.

### THIRD CAUSE OF ACTION

### (State HRL)

50. In response to Paragraph "50" of the Complaint, Defendant repeats and restates each of the above responses as if fully set forth herein.

51. Defendant denies the allegations set forth in Paragraph "51" of the Complaint.

52. Defendant denies the allegations set forth in Paragraph "52" of the Complaint.

### FOURTH CAUSE OF ACTION

### (City HRL)

53. In response to Paragraph "53" of the Complaint, Defendant repeats and restates each of the above responses as if fully set forth herein.

54. Defendant denies the allegations set forth in Paragraph "54" of the Complaint.

55. Defendant denies the allegations set forth in Paragraph "55" of the Complaint.

### PRAYER FOR RELIEF

56. In response to the paragraph and sub-paragraphs "A-I" that follow the phrase "WHEREFORE, plaintiff respectfully requests…" Defendant denies the allegations set forth in that paragraph and the sub-paragraphs and affirmatively avers that Plaintiff is not entitled to any of the relief requested or any other relief.

### DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

57. The Complaint, and each claim purported to be alleged therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

57. The Complaint is barred in whole or in part by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

58. At all times material hereto, the actions of Defendant were justified under the circumstances and at all times material hereto Defendant acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

## FOURTH AFFIRMATIVE DEFENSE

59. All actions taken by Defendant with respect to Plaintiff were taken in good faith for non-discriminatory and non-retaliatory legitimate business reasons and based on reasonable factors other than Plaintiff's gender, sex, sexual orientation, or age.

## FIFTH AFFIRMATIVE DEFENSE

60. Subject to proof in discovery, the damages claims contained in the Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

61. Plaintiff's alleged injuries, sufferings and damages, if any, were caused by Plaintiff's own acts, omissions, or conduct.

## SEVENTH AFFIRMATIVE DEFENSE

62. The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York State Human Rights Law, New York City Human Rights Law, or other state or local law.

## EIGHTH AFFIRMATIVE DEFENSE

63. The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies, or both.

## NINTH AFFIRMATIVE DEFENSE

64. Any Title VII claims contained in the Complaint which were not also contained in Plaintiff's charge of discrimination filed with the EEOC must be dismissed for failure to exhaust administrative remedies

## TENTH AFFIRMATIVE DEFENSE

65. The Complaint is barred, in whole or in part, because Defendant maintains an appropriate policy and program against discrimination and an effective complaint procedure that was known and available to all employees and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

## ELEVENTH AFFIRMATIVE DEFENSE

66. To the extent that Plaintiff has received other wages, benefits and/or awards attributable to an injury for which he seeks compensation in this case, such wages, benefits and/or awards should offset, in whole or in part, any award he receives here for the same injury.

## TWELFTH AFFIRMATIVE DEFENSE

67. To the extent Plaintiff asserts claims for punitive damages, such damages are barred, in whole or in part, because any and all actions taken by Defendant were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of federal, state, or local law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

68. Plaintiff's claims for punitive damages are barred by the United States and New York Constitutions because the asserted entitlement for punitive damages is vague and arbitrary and the procedure for assessment of punitive or liquidated damages violates Defendant's rights to due process of law, to equal protection of the law, the right to be free from the unlawful taking of property, the right to be free of excessive fines and all other substantive procedural protections of the Constitutions applicable to punitive and liquidated damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

69. To the extent that Plaintiffs seek recovery for injuries, physical and/or emotional, allegedly incurred in the course of or arising out of employment with Defendant, such recovery is barred by the exclusivity of remedies under the New York Workers' Compensation Law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

70. The relief that Plaintiff seeks in the Complaint is barred, in whole or in part, because Plaintiff lacks standing to obtain such damages and relief.

**SIXTEENTH AFFIRMATIVE DEFENSE**

71. Defendant reserves the right to assert such other additional and/or affirmative defenses that may become known to it through discovery.

**DEFENDANT'S PRAYER FOR RELIEF**

Except as expressly admitted and alleged herein, Defendant denies each and every allegation set forth in the Complaint and denies Plaintiff is entitled to any relief whatsoever.

WHEREFORE, having fully answered and responded to the allegations of the Complaint, Defendant respectfully requests that:

A. Plaintiff's claims be dismissed with prejudice in their entirety;

B. Each and every request for relief in the Complaint be denied;

C. Judgment be entered against Plaintiff and for Defendant;

D. Defendant be awarded its costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by applicable law; and

E. Defendant be granted such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 3, 2015

FOX ROTHSCHILD LLP

By: /s/ _____
    Glenn Grindlinger
    Zev Singer
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7900

*Attorneys for Defendant Breitling USA, Inc.*